This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Therese Wellman has appealed from a decision of the Lorain County Court of Common Pleas, Domestic Relations Division that modified a prior child support order by crediting Defendant-Appellee John Kisel's child support arrearages in the amount of $1,050. This Court affirms.
 I.
{¶ 2} As an initial matter, this Court notes that Appellee John Kisel ("Father") did not file an appellate brief. Therefore, this Court may accept Appellant Therese Wellman's ("Mother") statement of the facts and issues as correct. See App.R. 18(C).
{¶ 3} Mother and Father were married on June 2, 1990, in North Ridgeville, Ohio. One child was born as issue of the marriage, to wit: Tyler J. Kisel. Mother filed for divorce on November 3, 1994. The divorce was granted on June 7, 1995, and Mother was designated residential parent of the couple's only child.
{¶ 4} According to the judgment entry of divorce, the minor child would receive benefits from Father's Social Security in the amount of $321 per month, which the trial court considered child support. No order was made at the time of divorce for child support through the child support enforcement agency.
{¶ 5} On October 1, 1998, an administrative hearing was held with Father, Mother, and the Lorain County Child Support Enforcement Agency ("CSEA"). After said hearing, CSEA recommended that child support for the minor child increase from $321 per month to $424.66 per month, plus a processing charge. CSEA then filed a petition with the trial court, whereby it requested the trial court for an order adopting the administrative recommendations of CSEA. The trial court adopted the recommendation of CSEA on October 6, 1998, effective October 1, 1998.
{¶ 6} Approximately a year after child support for the minor child was increased, another hearing was had before the trial court on November 9, 1999 to discuss a credit to Father's child support arrearages. In a journal entry dated November 12, 1999, the trial court determined that a child support order was previously established, effective October 1, 1998. The trial court further found that from October 1, 1998 to November 9, 1999, the minor child was entitled to Social Security benefits for May 1999 and June 1999 in the total amount of $700. As such, the trial court ordered Father's child support arrearages to be credited in the amount of $700.
{¶ 7} On March 25, 2002, the trial court found Father to be in default and arrears in child support payments. The journal entry stated:
 "UPON [CSEA'S] ADVANCE NOTICE TO [FATHER] OF DEFAULT AND ARREARAGES, AND [FATHER'S] APPEARANCE FOR SAME, [FATHER] IS FOUND TO BE IN DEFAULT IN THE AMOUNT OF $4,849.50 AS OF [MARCH] 25, 2002. [FATHER] IS ORDERED TO PAY $51.00 PER MONTH TOWARD ARREARS. ALL PLUS PROCESSING FEE BY WAGE WITHHOLDING THROUGH CSEA UNTIL SAID ARREARS ARE PAID IN FULL, AT WHICH TIME A NEW WAGE WITHHOLDING IS TO BE EXECUTED. ALL PRIOR ORDERS TO REMAIN IN EFFECT."
{¶ 8} The March 25, 2002 journal entry also contained a note which explained that Father disputed the amount owed in arrears "based upon receipt of Social Security payments by the minor child beyond those addressed on [November 9, 1999], and which would affect the amount of arrears due."
{¶ 9} Another hearing was held before a magistrate on May 13, 2002 to discuss further credits to Father's child support arrearages. On May 14, 2002, the magistrate recommended, and the trial court subsequently adopted, that:
 "[FATHER] IS ENTITLED TO CREDIT FOR AN ADDITIONAL 3 MONTHS OF SOCIAL SECURITY BENEFITS RECEIVED BY THE PARTIES' MINOR CHILD. ACCORDINGLY, CSEA TO CREDIT $1,050.00 (3 MOS. X $350.00/MO.) IN SOCIAL SECURITY PAYMENTS AGAINST [FATHER'S] ACCUMULATED ARREARS[.]"
{¶ 10} Mother filed a motion to vacate the May 14, 2002 decision on June 11, 2002. In her motion, Mother argued that the trial court lacked jurisdiction to award Father a credit towards his child support arrearages because the continuing jurisdiction of the Domestic Relations Court was not properly invoked under Civ.R. 75(J). The trial court did not rule on Mother's motion. Mother has timely appealed, asserting three assignments of error, which we have consolidated to facilitate review.
 II. Assignment of Error Number One "THE TRIAL COURT ERRED BY NOT RECORDING THE HEARING HELD BEFORE A MAGISTRATE ON MAY 13, 2002 AS REQUIRED BY [CIV.R. 53(D)(2)]."
 Assignment of Error Number Two "THE TRIAL COURT LACKED JURISDICTION TO MODIFY A PREVIOUSLY ENTERED CHILD SUPPORT ORDER WHEN THE CONTINUING JURISDICTION OF THE DOMESTIC RELATIONS COURT WAS NOT FIRST INVOKED AS REQUIRED BY [CIV.R. 75(J)]."
 Assignment of Error Number Three "THE TRIAL COURT ERRED IN MODIFYING A PREVIOUSLY ENTERED CHILD SUPPORT ARREARAGE DEFAULT ORDER ISSUED ON MARCH 25, 2002 UNDER R.C. 3123.03 AND [R.C.] 3123.04."
{¶ 11} In Mother's first assignment of error, she has argued that the trial court erred by failing to record the hearing held before the magistrate on May 13, 2002. In her second and third assignments of error, she has essentially argued that the trial court lacked jurisdiction to modify a previously entered child support order. We disagree.
{¶ 12} Civ.R. 53(E)(3)(a) provides, in pertinent part: "Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision." Civ.R. 53(E)(3)(b) further provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
{¶ 13} In accordance with Civ.R. 53, this Court has held that if a party fails to file objections to a magistrate's finding or conclusion, that party thereafter waives the right to challenge either the finding or conclusion on appeal. See Green v. Clair (Feb. 14, 2001), 9th Dist. No. 20271, at 3, appeal not allowed (2001), 92 Ohio St.3d 1411, citing Wrightv. Mayon (July 2, 1997), 9th Dist. No. 18050, at 3. As Mother failed to file objections to the magistrate's May 14, 2002 decision, she has waived the right to challenge the decision on appeal. Consequently, Mother's assignments of error lack merit.
 III.
{¶ 14} Mother's assignments of error are overruled. The judgment of the trial court is affirmed.
BAIRD, P.J. and BATCHELDER, J. CONCUR.